United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41745
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO REYNA-SAUCEDA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-790-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Armando Reyna-Sauceda appeals from his conviction of illegal reentry following deportation. He contends, for the first time on appeal, that the district court's application of the formerly mandatory guideline sentencing scheme constituted per se reversible plain error, without consideration whether the district court might have imposed a lower sentence under the current, advisory sentencing scheme and that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are unconstitutional facially and as applied to him.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reyna correctly concedes that both of his contentions are foreclosed by this court's precedents, but he raises them to preserve them for further review. First, a "Fanfan" error raised for the first time on appeal is reviewed for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).

Reyna concedes that he cannot make a showing of prejudice because the district court did not indicate what it would have done under an advisory guideline sentencing scheme. Nothing in the record suggests that the district court might have imposed a lower sentence under an advisory guideline sentencing scheme. Reyna thus has not shown that his substantial rights were implicated. See id. at 733.

Second, Apprendi v. New Jersey, 530 U.S. 466 (2000), did not overrule Almendarez-Torres v. United States, 523 U.S. 224 (1998). See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). The Court's recent decisions in Shepard v. United States, 125 S. Ct. 1254, 1262-63 (2005), United States v. Booker, 125 S. Ct. 738, 769 (2005), and Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004), also did not overrule Almendarez-Torres. See Shepard, 125 S. Ct. at 1262-63 & n.5; Booker, 125 S. Ct. at 756 (reaffirming Apprendi); Blakely, 124 S. Ct. at 2536 (same). This court therefore must follow Almendarez-Torres "unless and until the Supreme Court itself

determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.